# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

SARAH A. TINGLE                                                                            PLAINTIFF

v.                                      CIVIL ACTION NO. 3:12-CV-703-JDM

COMMISSIONER OF SOCIAL SECURITY                      DEFENDANT

## MEMORANDUM OPINION

The plaintiff, Sarah A. Tingle, filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an administrative decision of the Commissioner of Social Security, who denied her application for disability insurance benefits. At issue is whether the administrative law judge erred by failing to provide a sufficient explanation for his decision to give little weight to Ms. Tingle's treating physician, Doctor Kyaw Htin.

After reviewing the parties' fact and law summaries and the administrative record, the court concludes that the ALJ did not err.

## I.

Ms. Tingle filed an application for disability insurance benefits in February 2009 and alleged she became disabled in March 2008. After her application was denied by the state agency, she requested a hearing with an administrative law judge (an "ALJ"). Following the evidentiary hearing, at which Ms. Tingle and a vocational expert testified, the ALJ issued an opinion in which he determined that Ms. Tingle suffers from the severe impairments of degenerative disc disease depression, neither of which, either singly or in combination, meet or equal the criteria of any of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1. The ALJ further determined that Ms. Tingle retains the residual functional capacity to perform

sedentary work with certain exertional and non-exertional limitations to accommodate her impairments.

In making this determination, the ALJ made the following observation:[1]

> The claimant continued to receive pain management care from Dr. Htin. After the claimant continued to report severe constant back pain, Dr. Htin recommended radiofrequency lesions. The claimant had her first radiofrequency lesion on the left side of her back in August 2010. Following the procedure the claimant reported more than 60% improvement of pain on her left side. However, her pain level by October of 2010 was a seven out of a pain scale of ten. Another radiofrequency lesion was performed on the right side of her back. During the last documented appointment of record in November 2010, the claimant reported significant improvement of the pain in her lower lumbar region, but reported new pain in the upper lumbar region that was worse with prolonged walking or standing. On examination, although the claimant's facet loading test was positive bilaterally, her straight leg-raising test was negative bilaterally (Exhibit 19F).

Ms. Tingle's sole argument on appeal is that the ALJ did not properly explain his reasons for giving Dr. Htin's opinions regarding Ms. Tingle's work-related limitations little weight. The court does not find Ms. Tingle's argument persuasive.

**II.**

Although a district court may not try a Social Security appeal *de novo*, it need not affirm the conclusions of the Commissioner of Social Security if an administrative law judge failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008).

The process of assigning weight to medical opinions in the record begins with a determination whether to assign controlling weight to the opinion of the claimant's treating source. 20 C.F.R. § 404.1527(d). When a treating source's opinion is both well supported by medically acceptable clinical and laboratory diagnostic techniques, and not inconsistent with

---

[1] Admin. R. at 146.

2

other substantial evidence in the record, it should receive controlling weight. *See* Social Security Ruling ("SSR") 96-2p; 20 C.F.R. § 404.1527(d)(2); *Cole v. Comm'r of Soc. Sec.,* 661 F.3d 931, 937 (6th Cir. 2011). If an administrative law judge determines that a treating source's opinion is not entitled to controlling weight, he must nonetheless determine how much weight the opinion is entitled to, and must set forth in the administrative decision good reasons for the weight given to that medical opinion. SSR 96-2p; 20 C.F.R. § 404.1527(d)(2); *see Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 545-546 (6th Cir. 2004).

Doctor Htin, who treated Ms. Tingle for pain management, completed an assessment of her physical limitations on October 4, 2010. In his assessment, Dr. Htin opined that Ms. Tingle had significant physical limitations due to the condition of her back and the associated pain.[2] The ALJ gave this assessment only little weight because it was "not supported by Dr. Htin's treatment notes, nor is it supported by any other objective evidence in the record."[3] Ms. Tingle argues that this statement is an impermissible, unexplained blanket rejection of a treating source's opinion.

The court acknowledges that, when read in isolation, the ALJ's stated reason for giving little weight to Dr. Htin's opinion could be interpreted as lacking sufficient detail. But the statement cannot be read in isolation, and when the statement is read in the context of the ALJ's detailed discussion of the evidence in the remainder of the opinion, it is clear that the ALJ adequately explained his reasons for not giving Dr. Htin's opinion controlling weight.[4] Given the ALJ preceding review and discussion of Dr. Htin's treatment records and the other objective

---

[2] Admin. R. at 663-64.
[3] Admin. R. at 146.
[4] *See* Admin. R. at 143-45 (discussing Dr. Htin's and other medical treatment records).

evidence in the file,[5] the ALJ's stated reason for giving Dr. Htin's opinion little weight satisfies the requirements of the applicable regulations and policy interpretation that he give "good reasons" for assigning less than controlling weight to that opinion. *See* S.S.R. 96-2(p); 20 C.F.R. § 404.1527(d)(2).

### III.

The court therefore concludes there is no basis for reversing the decision of the Commissioner of Social Security or remanding the matter for further proceedings pursuant to 402 U.S.C. § 405(g).

DATE:


cc: Counsel of Record

---

[5] The court also notes that, in support of her arguments on appeal, Ms. Tingle cites evidence that was not presented to the ALJ and was submitted for the first time to the Appeals Council. *See* Admin. R. at 47-99, 737-56. Such evidence cannot be considered as part of the record now. *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When additional evidence is presented on appeal, this court may consider whether remand is appropriate pursuant to 42 U.S.C. § 405(g) to permit the Commissioner to consider the evidence, but may do so only if the plaintiff has established good cause for failing to present the evidence earlier and also demonstrated that the evidence is material. Ms. Tingle has not made either argument, much less specifically requested remand, and has therefore waived this issue.